**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re FRANCESCO J. NITTI )
AND CARMELA NITTI, )
) Bankruptcy No. __14-26413__
)
Debtor. ) Chapter __7__

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: __Richard L. Hirsh__

Authorized to Provide Professional Services to: __Trustee, David Brown__

Date of Order Authorizing Employment: __January 30, 2015__

Period for Which Compensation is Sought:
From __January 30__, __2015__ through __November 4__, __2016__

Amount of Fees Sought: $ __45,833.33__

Amount of Expense Reimbursement Sought: $ __3413.08 less $2605.19 previously paid = $807.89 net__

This is an: Interim Application _____ Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 12/16/15 | 1/30/15-12/4/15 | 2605.19 | 2605.19 | 2605.19 |

Dated: __November 4, 2016__                        __/s/ Richard L. Hirsh__
                                                                              (Counsel)

(Rev 11/19/10)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCESCO J. NITTI | ) | |
| and CARMELLA NITTI | ) | NO. 14-26413 |
| DEBTORS. | ) | JUDGE CASSLING |
| | ) | CHAPTER 7 |
| | ) | KANE COUNTY |
| | ) | |

## NOTICE OF MOTION

To:    SEE ATTACHED SERVICE LIST

PLEASE BE ADVISED that on November 4, 2016 at 11:30 a.m., I shall appear before the Honorable Donald R. Cassling, or any other judge sitting in his stead, at the Kane County Courthouse, 100 South Third Street, Room 240, Geneva, Illinois, 60134 and I will then and there present the attached **APPLICATION FOR COMPENSATION**, a copy of which is attached hereto and thereby served upon you, at which time and place you may appear as you see fit to do.

/s/ Richard L Hirsh

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE and APPLICATION FOR COMPENSATION served on all persons set forth above identified as Registrants through the Court's Electronic Notice for Registrants and/or as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, from Lisle, Illinois, on October 13, 2016.

/s/ Richard L Hirsh

Richard L. Hirsh
RICHARD L. HIRSH, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
630/434-2626 fax
Atty. ID# 1225936

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                          )
                                                )
FRANCESCO NITTI and CARMELA NITTI               )
                                                )    Chapter 7
        Debtors,                                )    Judge Cassling
                                                )    Case No. 14 B 26413
                                                )    Kane County Docket
                                                )

APPLICATION FOR COMPENSATION

Now comes Richard L. Hirsh, special counsel for the Trustee and makes the following application for compensation pursuant to 11 U.S.C. §330, and in support states as follows:

1. This case was filed July 17, 2014. David Brown was appointed interim trustee and became the permanent trustee shortly thereafter.

2. The undersigned Applicant was engaged as special counsel by the Trustee, with the permission of this court on January 30, 2015 (revised order). The primary purpose of the engagement was to prosecute the recovery of a fraudulent transfer made by the debtors of their interest in Nitti development LLC, to their three children. During the course of extensive investigation pursuant to Rule 2004, other causes of action were determined to exist against Nitti Development, LLC, directly.

3. In the companion case of In re Nitti Custom Builders and Developers, Inc., the undersigned was also engaged on a contingency basis to recover against Nitti Development, LLC., based upon theories of successor liability and alter ego.

4. Because each estate had little or no assets to employ counsel, the engagement was based upon a contingent fee of one-third of "all amounts recovered" plus costs. A copy of the order of engagement, as amended, is attached as exhibit A.

5. The undersigned has been licensed to practice law for nearly 40 years, and is admitted to the Trial Bar of this Court, and his practice is concentrated in bankruptcy and related matters. The current rate for work of this nature that applicant charges is $400/hr.

6. Applicant undertook to recover funds for the estate as described in the attached statement of services performed, see exhibit B.

7. As shown in the attached statement of services, the undersigned expended about 90 hours[1]. In addition applicant advanced costs of $3413.08 for service of process fees, witness fees, Federal Express delivery, court reporters, were incurred. A prior application for expenses in the amount was granted and paid in the amount of $2605.19.

8. On December 14, 2015, the undersigned prepared and filed for David Brown as the Nitti Trustee an adversary complaint seeking avoidance of certain alleged fraudulent transfers by Frank and Carmela of their membership interest in Development to Nico Nitti, Joe Nitti and Anna (Nitti) Pelagio (which is captioned *Brown v. Nitti, et al. (In re Nitti)*, Adv. No. 15-00892 (Bankr. N.D. Ill. Dec. 14, 2015) (the "Nitti Complaint"); that adversary also sought recovery of sums alleged to be owed by Development to Frank and Carmela Nitti.

9. On December 14, 2015, the undersigned prepared and filed for David Brown as NCB Trustee an adversary complaint asserting successor liability and alter ego claims against Development which is captioned *Brown v. Nitti Development, Inc. (In re Nitti Custom Builders and Developers, Inc.)*, Adv. No. 15-00893 (Bankr. N.D. Ill. Dec. 14, 2015) (the "NCB Complaint", together with the Nitti Complaint, the "Trustee Complaints");

10. Prior to the bankruptcy filings described above, on April 26, 2011, Vincent and Donna Robertelli filed claims (the "Robertelli State Claims") against NCB, Frank Nitti, Carmela

---

[1] This figure is the total for both of the adversary actions filed below.

2

Nitti, and Nitti Development, LLC ("Development") in the Circuit Court of DuPage County, Illinois (the "State Court") which is captioned *Robertelli, et al. v. Nitti Custom Builders and Developers, Inc., et al.*, Case No. 2011 CH 002003 (DuPage Cty. Ill. Cir. Ct. April 26, 2011) (the "State Court Case"). The Robertellis alleged in the State Court Case breaches of certain warranties of habitability, successor liability, alter ego, fraudulent transfers. This litigation arose from the construction and sale of their residence by Nitti Custom Builders and Frank Nitti, Debtors.

11. Subsequent to the filing of the petition for relief in the Nitti Bankruptcy the Robertelli filed an objection to the Discharge of Francesco and Carmela Nitti.

12. Initially the Nitti parties made an offer to settle with the Trustees that excluded resolution of the Robertelli Claims and the Discharge Complaint action filed by the Robertellis. That offer was for $200,000, a sum significantly lower than the final settlement described below. That amount did not include the settlement of the Robertelli objection to discharge or resolution of any of the state court matters.

13. In each Bankruptcy case (the Nitti case and the NCB case) the Robertellis have filed an unsecured claim for $249,910.88, owed, jointly and severally by the Bankruptcy Estates to the Robertellis, evidenced by: (a) Robertellis' Proof of Claim No. 1 for $249,910.88 filed on October 30, 2014 in the Nitti Bankruptcy Case (and amended on August 23, 2016) ("Robertellis/Nitti Claim"); and (b) Robertellis' Proof of Claim No. 1 for $249,910.88 filed on October 30, 2014 in the NCB Bankruptcy Case (and amended on August 23, 2016) (which with the Robertelli/Nitti Claim, the "Robertelli Bankruptcy Claim"). The Nittis have filed objections to the claim in the Nitti Bankruptcy Case.

14. With the cooperation of the Robertellis, the Trustee David Brown, on behalf of both Bankruptcy Estates negotiated a settlement that included resolution of all of the matters in

3

dispute, including but not limited, to The Discharge Complaint, the Nitti Complaint, the NCB Complaint, the State Court Case, the objections to the Robertelli's proofs of claim.

15. Nitti Development LLC, Joe Nitti, Nico Nitti, and Anna Nitti Pelagio, who are all of the defendants in the two Adversary Actions brought by the Trustee David Brown, agreed to pay to the Trustees an aggregate sum of $275,000.00 to settle all of the claims, disputes and actions, etc, in these two cases and the discharge case. The offerors did not include Frank and Carmela Nitti.

16. As fully disclosed in the Motion to Approve the Settlement, The claim of the Robertellis was satisfied by the payment of $134,500.00 from the settlement proceeds, and the balance of the settlement is being split equally between the two Bankruptcy Estates. The amount paid to the Robertellis is roughly the equivalent of that amount they would receive if their claims were paid through the ususal distribution process. As explained in the motion to approve settlement, the distribution described above was to satisfy other particular demands of the Nittis and the Robertellis. Distribution in this fashion did not materially affect the remaining claims of unsecured creditors[2] in the two estates.

17. Pursuant to the settlement agreement, the Robertellis' claim of about $250,000 in each case was deemed paid and satisfied in full and released.

18. The total amount recovered for both estates $275,000.00. From that amount the Robertellis' were paid $134,500.00 in full settlement of their claims in both estates, and the balance was distributed equally between the two Bankruptcy Estates ($70,500.00 to each estate).

19. The total fee sought is one third of the recovery of $137,500.00 in each case; which under the contingency engagement results in a fee of $45,833.33 in each case.

---

[2]Actually there was only one other unsecured creditor in each of the cases.

4

20. The total expenses incurred is the sum of $3413.08, however the amount of $2605.19 was paid to the undersigned by the Nitti Estate inasmuch as NCB estate had no funds at that time. All expenses were expended in equal amounts for each estate. The net expenses due would be $807.89.

Wherefore, Richard L. Hirsh/Richard L. Hirsh, P.C., pray for an award of compensation as follows:

A. An award of fees in the amount of $45,833.33.

B. A reimbursement of costs of $3413.08 less $2605.19 previously paid for a net reimbursement of $807.89

C. Such other relief the Court deems appropriate.

Respectfully submitted,

____/s/ Richard L. Hirsh____

Richard L. Hirsh
Richard L. Hirsh, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
Atty. #1225936